UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE: BRENDA KATE STEWART-HARREL  { CHAPTER 13
                                   {
                                   { CASE NO.: A10-77244- WLH
    DEBTOR                         {
                                   { JUDGE HAGENAU

**TRUSTEE'S MOTION REQUESTING AN ORDER FROM THE COURT TO SHOW CAUSE WHY ROBERT J. SEMRAD AND ASSOCIATES, LLC SHOULD NOT REIMBURSE EXPENSES INCURRED BY THE TRUSTEE AND BE SANCTIONED**

COMES NOW Nancy J. Whaley, Standing Chapter 13 Trustee in the above-styled case, and files this Motion Requesting an Order from the Court to Show Cause Why Robert J. Semrad and Associates, LLC Should Not be Required to Reimburse Expenses Incurred by the Trustee and be Sanctioned by this Court. The Trustee respectfully shows the Court the following:

1.

The law firm of Robert J. Semrad and Associates, LLC (the "Law Firm") filed a Voluntary Petition under Chapter 13 of Title 11 on June 11, 2010 on behalf of the Debtor. The Debtor's initial plan filed on June 11, 2010 proposed to make monthly payments of $1,157.00 and to pay general unsecured creditors $49,262.40 or 0% (whichever is greater). The Debtor's initial Schedules I and J reflected monthly gross income of $4,541.57 ($3188.87 after payroll deductions), monthly expenses of $350.00, and net monthly income of $2,839.00.

The Chapter 13 Trustee conducted the section 341 Meeting of Creditors in this case on July 29, 2010. On August 2, 2010, the Trustee filed Objections to Confirmation of Plan

1

and Motion to Dismiss Case.  The Trustee objected to Confirmation of the Plan on several grounds including the good faith requirement of 11 U.S.C. section 1325(a)(3) based on the fact that Debtor's Schedule J reflected net income of $2,839.00 per month, while her plan only proposed to pay $1,157.00 per month.

On August 24, 2010, the Debtor filed an Amended Chapter 13 Plan increasing the dividend to the general unsecured creditors from 0% to 100%.  The Debtor also filed Amended Schedules I and J showing an increase in the Debtor's monthly expenses to $533.00 per month from $350.00 and a decrease in net monthly income to $2,655.87 from $2,839.00.

On September 1, 2010, this case came before the Court for hearing on Confirmation of the Debtor's Plan.  The Court heard arguments from Counsel for the Chapter 13 Trustee, Melissa Davey, and Counsel for the Debtor, Matthew Cherney, on whether a plan that proposed to pay less than all available monthly net income to creditors and which exceeded 36 months was proposed in good faith.  The Court requested briefs on this issue.  The Chapter 13 Trustee filed her brief in opposition of Confirmation of the Plan on October 1, 2010, and argued that the plan failed to comply with 11 U.S.C. sections 1325(a)(3) and (b)(1).  Counsel for the Debtor filed a brief in support of Confirmation on November 1, 2010.

On January 25, 2011, the Court entered an Order on Overruling the Trustee's Objection to Confirmation of the Plan regarding 11 U.S.C. section 1325(b)(1).  The Court declined to rule on the issue concerning good faith under section 1325(a)(3) without additional evidence and gave the Trustee the option of requesting an evidentiary hearing on the matter.

In preparation for the evidentiary hearing, the Trustee filed a Motion for Examination of the Debtor pursuant to F.R.B.P. 2004 and a Request for Production of Documents, which was

2

granted by the Court. Prior to the examination and per the Court Order, the Debtor provided copies of her pay advices, tax returns, and bank statements requested. On March 17, 2011, the Debtor appeared for examination under oath at the Office of the Chapter 13 Trustee[1]. The Debtor testified that her monthly expenses were much higher than reflected on the original and amended Schedules filed with the Court on which the Trustee's objections were based. As a result, after the deposition, the Debtor filed an Amended Plan increasing plan payments to $1,484.00 per month and decreasing attorney's fees to $0.00 from $3,000.00. Debtor also filed amended Schedules including an Amended Schedule J showing higher monthly expenses of $1,704.70 and net monthly income of $1,484.17. As detailed below, it was due to the failure of the Law Firm to properly consult with their client about the information contained in her Schedules that resulted in costly delay and litigation over Confirmation of her Plan.

2.

Based on the amended Chapter 13 Plan and Schedules, the Chapter 13 Trustee is prepared to recommend Confirmation of the Plan; however, based on the testimony of the Debtor at the deposition, the Trustee requests that the Court enter an Order for Debtor's Counsel, Robert J. Semrad and Associates, LLC to show cause why they should not reimburse the Trustee for the expenses incurred for the deposition and should not be sanctioned for the following reasons: failure to properly consult with their client in preparation of her original and amended plan and schedules, failure to properly communicate with their client about the status of the confirmation

---

1 The Chapter 13 Trustee received the official transcript from the examination with a letter from the court reporter dated April 29, 2011 indicating that no ERRATA sheet was received from the Debtor. A complete and official transcript of the deposition of the Debtor is available in hard copy at the Office of the Clerk of the Court of the United States Bankruptcy Court. Excerpts of

3

of her plan and the pending litigation in this case, failure to prepare the client for the deposition, and the failure to follow the instructions of the client. The behavior of the Law Firm resulted in excessive litigation which resulted in a waste of time and resources of the Debtor, the Court and the Trustee over an issue which could have been resolved had her schedules been properly filed in the beginning.

**A.     The Law Firm failed to properly consult with the client in preparation of her original and amended Plan and Schedules.**

The Debtor filed a previous Chapter 13 case, case number 10-63280, with Robert J. Semrad and Associates, LLC on February 2, 2010. At the hearing on Confirmation of the Plan, the Debtor was given ten days to resolve the Trustee's objections. Her plan was fully funded with a working employer deduction order. Debtor failed to provide the requested documents and amendments within the 10 day status period; therefore, the Trustee submitted a report to the Court requesting dismissal of the case and the case was dismissed on May 14, 2010.

Pursuant to the testimony of the Debtor, she only discovered that her previous bankruptcy case had been dismissed when she received advertisements from other law firms soliciting her to file another bankruptcy case (see deposition pages 38-40). On the advice of another law firm, she returned to Robert J. Semrad and Associates for assistance because she had already paid them $3,500.00 in her bankruptcy case that was dismissed. According to the Debtor, the attorney she met with at the Law Firm agreed to file another Chapter 13 case for her at a reduced attorney fee of $3000.00 (see deposition page 38-42). According to the Debtor, she did not bring any documents with her when she went to the Law Firm to file the petition, plan and schedules

---

the deposition have been filed electronically (see docket entry #33).

4

for her second case (see deposition pages 45-47).  Additionally, the Debtor testified that the attorney advising her failed to review any changes in her income or expenses prior to preparing her schedules for the new Chapter 13 case (see deposition page 48).  The Debtor explicitly stated that no one at the firm reviewed her budget to determine whether her plan payment was feasible or appropriate, in the initial filing of the schedules or the subsequent amendments (see deposition pages 133-34; 162-63).  She also testified that she did not assist in the preparation of the amendments filed on August 24, 2010 and that she did not meet with an attorney prior to signing or filing the amendments (see deposition pages 146-47).  In fact, she testified that she only met with a secretary at the Law Firm.

**B.     The Law Firm failed to communicate with the Debtor regarding the pending litigation in her case and failed to follow her instructions with regards to her plan.**

According to the Debtor, the Law Firm failed to notify her about the pending objections to confirmation of her plan (see deposition pages 154-155).  The Debtor went to the law office on a Saturday and signed the amendments without meeting with a lawyer or any other staff person. Furthermore, the Debtor testified that she was not informed about the hearing on confirmation of her plan or her need to attend (see deposition pages 160-62).  Additionally, the Debtor stated that she was unaware of the pending litigation in her case about her expenses and plan payments (see deposition pages 165-66).

Pursuant to the Debtor's testimony she was unaware that her case was being litigated before the Court or that certain issues were being argued, briefed and decided by the Court (see deposition pages 165-66).  Her testimony was that she only had one telephone conversation communication with an attorney from the Law Firm a couple of weeks after her initial

5

confirmation hearing (see deposition page 162). During that conversation, she was made aware that the Trustee was requesting an increase in her plan payment. She testified that at that time she instructed the attorney to increase the payment to what was needed to get the Plan confirmed. It was her understanding that her lawyer would take care of what was necessary to have her Plan confirmed (see deposition pages 162-63). It was her understanding that "no news was good news" (see deposition page 163). She stated that no one ever discussed with her what was necessary or what she could afford to pay. Additionally, the Debtor stated that no one from the Law Firm would return her calls after the Confirmation hearing (see deposition pages 154-57). She testified that *she took the initiative* to contact the Law Firm about the Notice of the Rule 2004 Examination and Request for Production of Documents. According to the Debtor, the Law Firm did not even contact her to schedule an appointment to review the requested documents that she provided or to prepare her for the Trustee's examination or to even explain why the deposition was necessary (see deposition pages 157-58).

     Based on the testimony of the Debtor, it is clear that the Law Firm has failed to properly represent her in this case. The Law Firm did not review her income and expenses or changes in her financial situation between the filing of the first bankruptcy petition and the current case. The Law Firm failed to explain the Objections to Confirmation and failed to meet with her to determine how much the Debtor could afford to pay, despite the fact that she told her attorney that she would pay as much as necessary. The Attorney for the Trustee had several conversations with Debtor's Attorney prior to the Confirmation hearing and prior to filing of her brief in order to try to resolve the Objections to Confirmation. Specifically, the Trustee was skeptical about whether the Debtor's expenses on her initial schedules were true and accurate.

6

Debtor's Counsel insisted that the expenses were accurate according to his client and that the Debtor would not agree to increase her plan payments.  The Trustee also made a settlement offer to the Debtor's Attorney in order to try to resolve the issue, which according to the Debtor's testimony was not communicated to her since she was unaware of the pending litigation.

Based on the failure of the Law Firm to properly represent the Debtor, the Trustee has spent hours performing legal research, drafting a brief, preparing motions, and preparing for and conducting the Rule 2004 examination of the Debtor, none of which would have been necessary if the Law Firm had conducted a reasonable inquiry as required by F.R.B.P. 9011 into the financial circumstances of the debtor before filing her bankruptcy schedules or subsequent amendments.  The Law Firm has failed to perform to the standards as required by this Court in General Order 6-2006 in the Rights and Responsibilities Statement between Chapter 13 Debtors and Their Attorneys.  As a result, the Trustee has incurred administrative expenses under section 503(b) of $807.75 for the court reporter and preparation of the transcript of the deposition.  The Law Firm's breach of its duty to the Debtor also resulted in a loss of her time based on the fact that she had to take time off from work to attend the deposition. Furthermore, this Court has also spent considerable time on this case as a result of the Law Firm's failure to properly represent the Debtor.

This Law Firm has been sanctioned by this Court before for filing false and misleading documents. In case numbers 09-84515 and 09-41826, Judge Diehl issued Orders sanctioning the Law Firm for filing documents without the consent of their clients.  In those Orders the Court imposed monetary sanctions against the Law Firm and implemented a procedure requiring the Law Firm to file a special "declaration" with each document filed electronically declaring that

7

the Law Firm has complied with the provisions of General Order 6-2006.  The facts of this case are similar and warrant investigation by the Court.

WHEREFORE, as the actions and inactions of the Law Firm have resulted in a waste of time and resources of the Court, the Debtor, and the Trustee, the Trustee requests that the Court hold a hearing and require the Law Firm to show cause as to why it should not reimburse the Trustee for her expenses, and be sanctioned by the Court and any other action the Court deems necessary.

Respectfully submitted,

 /s/
Nancy J. Whaley
Standing Chapter 13 Trustee
GA Bar No. 377941
303 Peachtree Center Avenue,
Suite 120
Atlanta, GA 30303
(678) 992-1201

## CERTIFICATE OF SERVICE

   This is to certify that I have this day served:

Debtor:
Brenda Kate Stewart-Harrel
80 Montgomery Court
Covington, GA 30016

Attorney for Debtor:
Craig Black, Partner
Robert J. Semrad & Associates, LLC
101 Marietta Street - Suite 3600
Atlanta, GA 30303

Robert J. Semrad, Registered Agent & Partner
Robert J. Semrad & Associates, LLC
20 S. Clark St. 28th Floor
Chicago, IL 60603

State Bar of Georgia
Attn: Paula J. Frederick
104 Marietta St. NW, Suite 100
Atlanta, GA 30303-2743

Guy Gebhardt
Office of the U. S. Trustee
Suite 362
75 Spring Street
Atlanta, GA 30303

with a copy of the foregoing Trustee's Motion by depositing in the United States Mail a copy of same in a properly addressed envelope with adequate postage thereon.

   THIS THE 13th day of May, 2011

 /s/
Nancy J. Whaley, Standing Chapter 13 Trustee
GA Bar No. 377941
303 Peachtree Center Avenue, Suite 120
Atlanta, GA 30303
(678) 992-1201